***********
For good cause shown Plaintiff's Motion to Reconsider and Amend the prior Opinion and Award is hereby GRANTED. Accordingly, the Full Commissions' prior Opinion and Award is amended in Finding of Fact (10) regarding the name of the physician referred to in that finding. The remainder of the prior Opinion and Award remains unchanged.
 ***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner John A. Hedrick, and the briefs and oral arguments on appeal. The appealing party has shown good grounds to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 2 September 1999 as:
 STIPULATIONS
1. On 17 November 1996, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between the deceased employee and defendant-employer.
3. The Goff Group was the workers' compensation insurance carrier on the risk.
4. Elizabeth Mullins is the dependent minor daughter of the employee.
5. The deceased employee was killed in an accident on 17 November 1996 while employed by defendant-employer.
6. A set of exhibits identified in Appendices (E) and (F) of the parties' Pre-Trial Agreement is admitted into evidence.
7. An Industrial Commission Form 22 Wage Chart, received from defendants' on 13 September 1999, is admitted into evidence.
 ***********
Based upon the entire evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Mr. William Henry Mullins, decedent, was an employed by defendant-employer as a truck driver. On 17 November 1996, decedent was in the process of delivering a load of sweet potatoes to Chicago for defendant-employer when he was involved in a fatal single vehicle accident. On that date at approximately 11:20 p.m., the tractor trailer decedent was driving began weaving and went off the road, down an earth embankment where it flipped over onto the driver's side and slid sideways striking several small trees and a fence. Decedent was pronounced dead at the scene.
2. The vehicle accident resulting in decedent's death constituted the introduction of unusual circumstances into his work routine. As such, the incident on 17 November 1996 that resulted in decedents death constituted an injury by accident arising out of and in the course of his employment with defendant-employer.
3. Decedent was not married at the time of his death. During an earlier marriage to Ms. Andrea Whitley, which ended in a divorce on 30 November 1993, decedent fathered one child, Elizabeth Ann Mullins. Mr. Ralph G. Wiley has been appointed as guardian ad litem for the minor child Elizabeth Ann Mullins.
4. During his lifetime, decedent provided Elizabeth Ann Mullins with substantial financial support. Elizabeth Ann Mullins is the sole dependent child of the decedent and there are no other persons who were dependent upon decedent for support.
5. A urinary drug screen was performed post mortem which showed a positive screen for the metabolites for cocaine and marijuana. A blood test performed showed negative blood alcohol content. The cut off for the drug screen for the cocaine metabolite is 300 nanograms. A nanogram is a billionth of a gram. There was no evidence of the quantitative amount of the cocaine or marijuana metabolites in decedent's system at the time of the accident which resulted in his death.
6. There is no evidence of when either cocaine or marijuana entered decedent's system, how much was introduced or the mode of administration. It is possible for an individual to test positive for the cocaine metabolite for 3 or 4 days after it is introduced to their system. It is possible to test positive for the marijuana metabolite for as long as 20 days after it is introduced to an individual's system.
7. Based on the post mortem urine drug screen performed on decedent's body, there is no scientific basis for determining what impact, if any, the drug metabolites had on decedent at the time of the accident. Drug screens are only meant to demonstrate an analytically significant amount of a metabolite, not a pharmacologically significant amount. An analytically significant amount simply means an amount that can be determined with certainty. A pharmacologically significant amount is an amount that has a measurable effect on an individual. Therefore, it cannot be shown that 300 nanograms of the metabolite of cocaine in decedent's urine had a measurable pharmacological effect on him at the time of the accident.
8. The opinion of Dr. Art Davis that decedent was impaired at the time of the accident is not given any weight. Dr. Davis based his opinion on a review of only four documents. He did not know decedent's height, weight, medical history, when cocaine was introduced to decedent's system or how much was introduced. As such, Dr. Davis' opinions regarding decedent's potential impairment or intoxication at the time of the accident were given on an inadequate factual basis to be accepted. Dr. Davis provided no opinion on the effect of the marijuana metabolites on decedent at the time of the accident.
9. It was the opinion of Larry S. Fisher, Deputy Coroner of Bartholomew County Ohio, that decedent died of a massive crush injury. The Deputy Coroner did not list cocaine or marijuana as contributing factors to the cause of the fatal accident or his death.
10. Dr. Arthur McBay has extensive experience in the area of forensic toxicology and has served as the Chief Toxicologist at the Office of Chief Medical Examiner in North Carolina. Dr. Arthur McBay testified that based on the data obtained subsequent to decedent's death that it is impossible to determine the time and means of administration of marijuana or cocaine into decedent's system. He also testified that the leading cause of single tractor-trailer accidents is fatigue. The accident in question occurred at 11:20 p.m. The Full Commission gives great weight to the opinions of Dr. McBay.
11. Defendants have failed to produce sufficient evidence to prove that the accident which resulted in decedent's death was proximately caused by decedent being under the influence of cocaine or marijuana or that he was intoxicated at the time it occurred.
12. At the time of his death, decedent's average weekly wage was $476.26, yielding a compensation rate of $317.67.
 ***********
Based on upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. At the time of his death, decedent's average weekly wage was $476.26, yielding a compensation rate of $317.67. G.S. 97-2(5).
2. On 17 November 1996 decedent sustained an injury by accident arising out of and in the course of his employment with defendant-employer that resulted in his death. G.S. 97-2(6).
3. As defendants failed to produce evidence that the accident which resulted in decedent's death was proximately caused by decedent being under the influence of cocaine or marijuana or that he was intoxicated at the time it occurred, plaintiff is not barred from recovering compensation. G.S. 97-12.
4. As the child of decedent, Elizabeth Ann Mullins is conclusively presumed to have been wholly dependent upon him for support and is entitled to receive compensation at the rate of $317.67 per week for a period of 400 weeks or until she reaches the age of 18 because of his death. G.S. 97-2(12), 97-38, 97-39.
5. Defendants are obligated under the Act to pay burial expenses not exceeding $2,000. G.S. 97-38.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commission and enters the following:
 AWARD
1. Defendants shall pay Ralph G. Wiley, as the duly appointed guardian ad litem for Elizabeth Ann Mullins, and for the use and benefit of said minor child, compensation at the rate of $317.67 per week for a period of 400 weeks from the date of decedent's death or continuing until the minor child reaches the age of 18. Any accrued amount shall be paid in a lump sum. This compensation is subject to the attorney's fee approved herein.
2. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded above is approved for counsel for plaintiff. From the amounts having accrued, this fee shall be deducted from compensation due plaintiff and paid directly to counsel for plaintiff, with counsel for plaintiff receiving every fourth check thereafter.
3. Defendants shall pay plaintiff burial expenses not to exceed $2,000.00.
4. Defendants shall pay the cost of this action.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER